NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1117

———————————

MICHAEL ORTIZ,

Appellant

v.

CEDAR CREST COLLEGE

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-16-cv-06703)
District Judge: Honorable Joseph F. Leeson, Jr.

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2019

Before: AMBRO, RESTREPO, and GREENBERG, Circuit Judges

(Opinion filed March 12, 2019)

———————————

OPINION[*]

———————————

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Ortiz served as the Network Administrator for Cedar Crest College from 2005 until 2016, when the College terminated his employment. It purported to terminate his employment because he did not maintain a reliable data backup scheme, which was an essential duty of his job. That failure came to light in July 2016 when its main computer server crashed, resulting in the loss of more than six weeks of data. Based on its post-crash investigation, the College determined that Ortiz's failure to monitor hard drives and maintain a reliable backup scheme was the cause of the server crash and data loss. In light of these events, the College's Provost, Dr. Elizabeth Meade, terminated Ortiz's employment for "failure to fulfill the expectations of [his] position."

Ortiz contends the College unlawfully terminated his employment based on his age and national origin. He asserts a claim of national-origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and a claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. The District Court granted summary judgment in favor of the College on both claims. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's grant of summary judgment *de novo*. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).

We analyze Ortiz's claims under the three-step framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Burton v. Teleflex Inc.*, 707 F.3d 417, 425–26 (3d Cir. 2013). Under that framework, the plaintiff first "bears the burden of making out a prima facie case of discrimination." *Id.* at 426. If that case is made, "the 'burden then must shift to the employer to articulate some legitimate, nondiscriminatory

reason' for the adverse employment action." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *McDonnell Douglas*, 411 U.S. at 802). If that occurs, "the plaintiff bears the burden of establishing that the employer's stated reason for the adverse action was an excuse, or pretext, for why the action was actually taken." *Id.*

In granting summary judgment to the College, the District Court concluded that Ortiz failed to establish a *prima facie* case for either age or national-origin discrimination. It also concluded that, irrespective whether he made the *prima facie* case, he failed to show the College's stated reason for terminating him was pretextual.

We need address only the second ground on which the Court granted summary judgment: pretext. To show it, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons[,] or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Burton*, 707 F.3d at 427 (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). To establish pretext by discrediting the employer's stated reason, the plaintiff must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action [such] that a reasonable factfinder *could* rationally find them 'unworthy of credence.'" *Fuentes*, 32 F.3d at 765 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)) (emphasis in original). To establish pretext without discrediting the employer's stated reason, the plaintiff must point to sufficient evidence that, notwithstanding the employer's stated reason for the adverse action, "an invidious

3

discriminatory reason" actually caused the action. *See Burton*, 707 F.3d at 427. The failure to raise a triable issue on pretext would defeat both of Ortiz's claims. *See id.*

The evidence Ortiz submitted was insufficient to show pretext. It contains no evidence to discredit the College's stated reason for terminating him. To the contrary, that reason is fully supported by the record. As the College's Network Administrator, Ortiz's "essential" duties included "maintaining routine backups" and "[m]aintaining a redundant backup scheme ensuring the ability to restore in the event of system failure." Yet, in June and July 2016, Ortiz had established neither an automated nor a manual system for confirming hard-drive status. He instead relied on visual inspections of the server's status lights, which proved inadequate to detect hard-drive failures and ensure the ability to restore data after those failures. Indeed, although a physical hard drive and the nightly backup process both failed in June 2016, it was not until the following month—when a second hard drive failed, crashing the College's main computer system and causing more than six weeks' loss of data—that Ortiz detected a problem. Through an investigation, the College determined the data loss was caused by the inadequacies of Ortiz's backup scheme. It terminated his employment as a result, and Ortiz does not point to any evidence discrediting that explanation.

In an effort to shift blame to the College, Ortiz contends it set him up for failure by denying his requests for further training and new equipment. But he does not submit any evidence to suggest it denied that training or new equipment for discriminatory reasons. In fact, Ortiz concedes that the College denied similar budget requests made by his colleague for many years. He also concedes its denial of his budget requests were

4

consistent with its practice of denying such requests over the years of his employment. At most, Ortiz has shown the College was partially to blame for the server crash and resulting data loss. But he has not established any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons" such that a reasonable factfinder could find pretext. *Fuentes*, 32 F.3d at 765.

At bottom, Ortiz rests his entire age-discrimination claim on a second-hand account that Dr. Meade once called him "old and antiquated" about 10 months before firing him. And he rests his national-origin discrimination claim entirely on comments made by a former supervisor who was not involved in the decision to terminate him; indeed, she was not even employed with the College when he was fired. In other circumstances, comments like these may very well get a discrimination plaintiff to trial. But they cannot bear the weight Ortiz tries to place on them in this case. The evidentiary record overwhelmingly supports the College's stated reason for terminating Ortiz: he failed an essential duty of his job by not maintaining a reliable data backup scheme, resulting in the permanent loss of important data at the College.

On this record, no reasonable jury could find the College's stated reason for terminating Ortiz was pretextual. We therefore affirm the District Court's grant of summary judgment.